Craig Sanders (SBN: 284397)
csanders@sanderslaw.group
**SANDERS LAW GROUP**
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Telephone: (516) 203-7600

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Xclusive-Lee, Inc., | Case No: |
| Plaintiff, | |
| v. | **COMPLAINT FOR COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. §501** |
| Christine Diane Teigen, | |
| Defendant. | JURY TRIAL DEMAND |

Plaintiff Xclusive-Lee, Inc. ("*Plaintiff*"), by and through his undersigned counsel, for his Complaint against defendant Christine ("Chrissy") Diane Teigen ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C. §101 *et seq*.

2. Jackson Lee ("*Lee*") created a photograph of American model and television personality Christine "Chrissy" Teigen holding her daughter (the "*Photograph*") in which Plaintiff owns the rights and licenses for various uses including online and print publications.

3. Lee is a professional photographer and social media influence. He has worked with clients including Bassike, MECCA, Iwantja Arts, R.M. Williams, Viktoria & Woods, Bec & Bridge, Sheridan, Harper's Bazaar Australia and has had his work shown in Flickerfest, AACTA Awards, LA Shorts, Museum of Contemporary Art – Australia, National Gallery of Victoria, Australian Centre for the Moving Image, Australian Centre for Contemporary Art, Art Gallery of New South Wales, Cann's, Rising – Melbourne, Birrarangga Film Festival, Tarnanthi – Art Gallery of South Australia, Illuminate Adelaide, Fort Gansevoort Gallery New York, Maoriland Film Festival – New Zealand, Biennial Sesc Videobrasil – Sao Paulo Brazil & Aichi Triennale – Japan.

4. Upon information and belief, Defendant is a model, author, and television personality. In 2010, she became famous as a *Sports Illustrated* swimsuit model and was named "Rookie of the Year". She appeared on the 50th-anniversary cover in 2014. Defendant has also modeled for Billabong and Maxim and was a briefcase model on *Deal or No Deal* and hosted the VH1 reality show *Model Employee* in 2013 and has guest starred on *The Price is Right*.

5. To promote her brand, Defendant owns and operates a social media account on Instagram known as chrissyteigen (the "*Account*").

6. Upon information and belief, the Account has over 41.2 million followers who each receive notifications of all new content posted by Defendant.

7. Defendant, without permission or authorization from Plaintiff, actively copied and/or displayed the Photograph on the Account and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

8. Plaintiff is New York business corporation with business address of 61-15 97th Place, #14c, Rego Park, NY, United States, 11374.

9. Upon information and belief, defendant Christine Diane Teigen, is an

individual who is a citizen of the State of California and resides in Los Angeles County, California, and is liable and responsible to Plaintiff based on the facts herein alleged.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

11. This Court has personal jurisdiction over Defendant because she is domiciled in the State of California.

12. Venue is proper under 28 U.S.C. §1391(b)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

**A.    Plaintiff's Copyright Ownership**

13. Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

14. On July 27, 2017, Lee first published the Photograph. A copy of the Photograph is attached hereto as Exhibit 1.

15. In creating the Photograph, Lee personally selected the subject matter, timing, lighting, angle, perspective, depth, lens and camera equipment used to capture the image and made each and every artistic determination necessary for the creation of the work.

16. On September 8, 2017, the Photograph was registered by with the United States Copyright Office under Registration No. VA 2-066-847.

17. Lee created the Photograph with the intention of it being used commercially and for the purpose of display and/or public distribution.

18. Lee transferred the Photograph to Plaintiff by written assignment.

**B.    Defendant's Infringing Activity**

19.    Defendant is the registered owner of the Account and is responsible for its content.

20.    Defendant is the operator of the Account and is responsible for its content.

21.    The Account is a part of and used to advance Defendant's commercial enterprise.

22.    Upon information and belief, Defendant and her staff have significant experience in copyright matters and are familiar with specific practices including the need to ensure that images used in their posts have been properly licensed.

23.    Upon information and belief, Defendant has not implemented adequate internal policies to verify copyright ownership before content use, indicating a gross negligence in legal compliance, which is essential for a company with Defendant's reach, capabilities, and level of sophistication.

24.    Upon information and belief, Defendant's internal policies, if any, are either not designed to verify copyright ownership before content use or are systematically ignored, indicating a willful, recurring disregard for copyright compliance.

25.    Defendant's failure to adopt or effectively enforce internal copyright policies, if any, indicates *de facto* willful infringement.

26.    On or about July 28, 2017 without permission or authorization from Plaintiff, Defendant volitionally copied and displayed the Photograph on the Account as part of an on-line social media post at URL: at URL: https://www.instagram.com/p/BXGlL14lFmM/?hl=en . A copy of a screengrab depicting the Infringement is attached hereto as Exhibit 2.

27.    The Infringement is a copy of Plaintiff's original image that was directly copied and displayed by Defendant.

28. Plaintiff first observed the Infringement on December 20, 2022.

29. Upon information and belief, the Photograph was copied and displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Photograph.

30. Upon information and belief, the Infringement receives over 571,194 likes by followers of Defendant.

31. The Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than transitory duration and therefore constitutes a specific infringement.

32. Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Account, including, but not limited to copying, posting, selecting, commenting on and displaying images including but not limited to Plaintiff's Photograph.

33. Upon information and belief, the Photograph was willfully and volitionally posted to the Account by Defendant.

34. Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringement was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringement which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringement on the part of Defendant.

35. Upon information and belief, Defendant engaged in the Infringement knowingly and in violation of applicable United States copyright laws.

36. Upon information and belief, Defendant had complete control over and actively reviewed and monitored the content posted on the Account.

37. Upon information and belief, Defendant has the legal right and ability

to control and limit the infringing activities on its Account and exercised and/or had the right and ability to exercise such right.

38. Upon information and belief, Defendant monitors the content on its Account.

39. Upon information and belief, Defendant has received a financial benefit directly and indirectly attributable to the Infringement.

40. Upon information and belief, the Infringement increased traffic and engagement with the Account.

41. Upon information and belief, a large number of people have viewed the unlawful copies of the Photograph on Account.

42. Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

43. Defendant's use of the Photograph harmed the actual market for the Photograph.

44. Defendant's use of the Photograph, if widespread, would harm Plaintiff's potential market for the Photograph.

45. On March 21, 2023 Plaintiff, via counsel, served a letter seeking to address the complaints contained herein concerning Defendant's infringement of Plaintiff's rights-protected work.

46. Despite Plaintiff's efforts and willingness to address Defendant's infringing activity Defendant failed to respond and Plaintiff was forced to seek judicial intervention for Defendant's infringing activity.

47. Further, despite Plaintiff's notification to Defendant concerning its infringing activity, Defendant continues to infringe on Plaintiff's work thereby establishing the willful nature of its conduct.

48. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

# FIRST COUNT
### (Direct Copyright Infringement, 17 U.S.C. §501 et seq.)

49. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

50. The Photograph is an original, creative work in which Plaintiff owns a valid copyright.

51. The Photograph is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

52. Plaintiff has not granted Defendant a license or the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

53. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

54. Defendant's reproduction of the Photograph and display of the Photograph constitutes willful copyright infringement.

55. Upon information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Photograph without Plaintiff's consent or authority.

56. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504

in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c).

57. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

58. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of Plaintiff's copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

59. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests that the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

   a. finding that Defendant infringed Plaintiff's copyright interest in and to the Photograph by copying and displaying it without a license or consent;

   b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

   c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

      d.    for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505,

      e.    for pre-judgment interest as permitted by law; and

      f.    for any other relief the Court deems just and proper.

DATED: September 8, 2025

**SANDERS LAW GROUP**

By:   */s/ Craig Sanders*
Craig Sanders, Esq. (SBN: 284397)
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 127150
*Attorneys for Plaintiff*